IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTWAN MARTICE WHITE,<br>　　　Petitioner,<br>VS.<br><br>NATHANIEL QUARTERMAN,<br>　　　Respondent. | CIVIL ACTION NO. H-09-1742 |

## MEMORANDUM AND OPINION

Petitioner, Antwan Martice White, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Byrd Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a conviction imposed by a state court in Harris County, Texas.

The threshold issue is whether White has stated meritorious grounds for federal habeas relief. This court finds that he has not and this petition should be dismissed.[1]

I.   **Background**

On January 9, 2009, prison officials at the Byrd Unit conducted a disciplinary hearing in disciplinary case 20090116243. The hearing officer found White guilty of sexual misconduct. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 5; Docket Entry No. 2, Petitioner's

---

[1] A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

Memorandum, p. 3). White's punishment consisted of a loss of commissary privileges for thirty days; cell restriction for thirty days; and a reduction in good time earning class status from State Approved Trusty SAT 2 to SAT 4.

White filed a Step I Grievance on January 21, 2009, and it was denied on February 6, 2009. White filed a Step II Grievance on February 17, 2009, and it was denied on April 21, 2009. (Docket Entry No. 2, Petitioner's Memorandum, p. 3).

On June 3, 2009, this court received White's federal petition. White states that on January 5, 2009, he was in his assigned cell. White claims that Officer Crystal Drake walked past White's cell unannounced and observed White partially naked. Officer Drake charged White with sexual misconduct, a Level II Code 20.0 violation. White asserts that at the disciplinary hearing on January 9, 2009, the hearing officer asked White if he had been masturbating, and White, feeling intimidated, replied, "probably." (Docket Entry No. 2, Petitioner's Memorandum, p. 3).

White contends that his conviction in disciplinary case 20090116243 is void for the following reasons:

(1) his right to procedural due process was violated;

(2) counsel substitute rendered ineffective assistance;

(3) the hearing officer coerced him to enter a guilty plea; and

(4) the evidence to support the finding of guilt was insufficient.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

## II. The Legal Standard

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the

consequences. *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. However, when the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms,* 459 U.S. 460 (1983).

In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

**III.    Analysis**

To the extent that White attempts to assert a claim of a denial of due process based on the loss of privileges, the law bars his claims. The Supreme Court held in *Sandin* that a prisoner

who was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence, was not entitled to the due process protections set out in *Wolff* and *Hewitt*. In this case, the punishments that White received, loss of commissary privileges and cell restriction for thirty days, did not change the length of his sentence and are not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that gives rise to a due process claim. *Sandin,* 515 U.S. at 484, 486 n.9, *Madison,* 104 F.3d at 767-68.

White may complain that the reduction in good time earning class status has delayed his release on parole, creating a due process violation. White did not lose accrued or earned good conduct time. Rather, his ability to earn good time credits was curtailed. A diminished ability to earn good time credits, without more, does not rise to a deprivation of a constitutionally protected liberty interest. *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied,* 517 U.S. 1196 (1996)("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is too speculative to amount to a constitutionally protected right to a particular time-earning status. *Id.* White is not entitled to habeas relief on the claims he raises in this case.

The material fact is whether the punishment imposed had an effect on White's sentence or parole. White states that he did not lose good time credits. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 5). The punishment he received did not affect his sentence. White's federal petition does not present grounds warranting habeas relief.

## IV.  Conclusion

White's challenges to his disciplinary conviction lack merit.  This case is DISMISSED.  Any remaining pending motions are DENIED as moot.

White has moved for the issuance of a certificate of appealability. (Docket Entry No. 4).  The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.  This court will not issue a COA because White has not made the necessary showing.  White's Motion for a Certificate of Appealability, (Docket Entry No. 4), is DENIED.

SIGNED at Houston, Texas, on June 11, 2009.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE